GREEN v SUDAKIN

1. NEGLIGENCE—MALPRACTICE—UNWANTED CHILD—DAMAGES—PUB-
   LIC POLICY.
   An award of damages for the unwanted birth of a normal,
   healthy, child is not contrary to public policy; the birth of such
   a child does not confer an unquestionable benefit upon the
   parents, which outweighs, as a matter of law, any detrimental
   expenses related to the birth and rearing of the child.

2. NEGLIGENCE—DAMAGES—UNWANTED CHILD—REASONABLE ASCER-
   TAINMENT—ROUTINE COMPUTATIONS—RECOVERY ALLOWED.
   Damages to compensate parents for the expenses of rearing an
   unwanted child are not speculative or ethically questionable;
   the cost of rearing a child is a computation which is routinely
   performed; the law is clear that there need only be a basis for
   reasonable ascertainment of the amount of the damages and
   where the fact of liability is proven, difficulty in determining
   such damages need not bar recovery.

3. CONTRACTS—BREACH OF CONTRACT—DAMAGES—PERSONAL NONCOM-
   MERCIAL CONTRACTS—MENTAL ANGUISH—RECOVERY FOR
   BREACH.
   Generally, damages for mental anguish are not permitted in
   breach of contract actions; however, an exception to this rule
   has been created where the contract at issue is highly personal-
   ized and noncommercial and where a breach of duty will
   inevitably and necessarily result in mental anguish, pain and
   suffering.

Appeal from Wayne, Joseph A. Moynihan, Jr., J.
Submitted January 3, 1978, at Detroit. (Docket No.
77-1289.) Decided February 23, 1978. Leave to
appeal applied for.

Complaint by Ruth Green and Herbert Green

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 61 Am Jur 2d, Physicians and Surgeons § 135.
[3] 22 Am Jur 2d, Damages § 195.

against Leonard B. Sudakin and Joseph Stern for damages for medical malpractice and breach of contract. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Jeffrey M. Mallon,* for plaintiffs.

*Harvey, Kruse & Westen, P. C.* (by *Jonathan Martin),* for defendants.

Before: BASHARA, P. J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiffs commenced this action in Wayne County Circuit Court seeking damages from defendant-doctors[1] for alleged medical malpractice and breach of contract.

The record reveals that plaintiff-wife[2] consulted with defendants, and decided to have a tubal ligation performed immediately following the birth of her third child. The purpose of such a procedure is to prevent future pregnancies.

After delivering plaintiffs' third child, defendants failed to perform the agreed upon tubal ligation. The issue of whether or not plaintiffs were notified of this fact was contested at trial. Plaintiffs claimed that defendants failed to inform them of the fact that the operation was not performed. Hence, plaintiffs, apparently in reliance upon defendants' promise to perform the operation, took no birth control precautions subsequent to the delivery of their third child, which resulted in plaintiff-wife promptly becoming pregnant with her fourth child.

---

[1] Defendants, Doctors Sudakin and Stern, were partners in a medical practice which was limited to obstetrics and gynecology.

[2] Plaintiff-wife was pregnant with her third child at the time of the consultations.

The jury determined that defendants had failed to notify plaintiffs of the fact that the tubal ligation had not been performed, and entered a verdict of $95,000 in favor of plaintiffs.

Defendants appeal citing several instances of error.

Defendants first contend that an award of damages for the unwanted birth of a normal, healthy child is contrary to the public policy of this state. Defendants claim that the birth of such a child confers an unquestionable benefit upon the parents, which outweighs, as a matter of law, any detrimental expenses related to the birth and rearing of the child.

Such an assumption has been expressly rejected by this Court in the case of *Troppi v Scarf,* 31 Mich App 240; 187 NW2d 511 (1971), *lv den,* 385 Mich 753 (1971). Therefore, we find no public policy considerations which warrant that defendants be exempted from the consequences of their negligent acts.

Defendants next contend that an award of damages to compensate plaintiffs for the expenses of rearing their fourth child would be speculative and ethically questionable. We disagree.

As *Troppi, supra,* points out, the cost of rearing a child is a computation which is routinely performed in numerous cases:

"As to the costs of rearing the child until his majority, this is a computation which is routinely performed in countless cases.

"It should be clear that ascertainment of *gross* damages is a routine task. Whatever uncertainty attends the final award arises from application of the benefits rule, which requires that the trier of fact compute the dollar value of the companionship and services of an unwanted child. Placing a dollar value on these seg-

ments may well be more difficult than assessing damages for, say, Mrs. Troppi's lost wages. But difficulty in determining the amount to be subtracted from the gross damages does not justify throwing up our hands and denying recovery altogether.

"Michigan law is clear that there need only be a basis for reasonable ascertainment of the amount of the damages. Where the fact of liability is proven, difficulty in determining damages will not bar recovery." *Troppi, supra,* at 261.

Hence, we find that the damages in the instant matter are reasonably ascertainable.[3]

Defendants' allegation that the damages are unethical under the circumstances of the instant matter fails in light of the *Troppi* case, *supra.*

Defendants finally contend that the trial court erred in instructing the jury that their verdict could include an award for mental pain and suffering.

We note that damages for mental anguish are generally not permitted in breach of contract actions. However, an exception to this rule has been created by the courts in cases where the contract at issue is

" * * * concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the parties may reasonably be said to have contracted with reference to the

---

[3] The Michigan Supreme Court has recognized, in wrongful death actions, that the dollar value of a child's services and companionship is not too uncertain as to be left to the judgment of the trier of fact. *See Wycko v Gnodtke,* 361 Mich 331; 105 NW2d 118 (1960), approved in *Smith v Detroit,* 388 Mich 637; 202 NW2d 300 (1972), MCLA 600.2922; MSA 27A.2922.

payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it." *Stewart v Rudner,* 349 Mich 459, 471; 84 NW2d 816 (1957).

In *Stewart, supra,* the Supreme Court upheld an award of damages for mental anguish where a physician breached a contract to perform a Caesarean section on a patient which resulted in the death of the unborn child. The Court concluded that the contract was highly personal in nature, and that no reasonable person could doubt that mental pain and suffering were within the contemplation of the parties in the event that the physician failed to perform the agreed-upon operation.

The agreement in the instant matter is intensely personal in nature. The failure to perform such a contract could foreseeably cause great mental pain and suffering.

Therefore, we find that a damage award for mental anguish is appropriate under the circumstances of the case at bar.

The other issues raised on appeal do not merit discussion by this Court.

Affirmed. Costs to plaintiffs.